IN THE CIRCUIT COURT
FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| GEORGE F. SCHILLINGER, and RUTH L. SCHILLINGER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| UNION PACIFIC CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

CIVIL NO. 02-L-815

CLASS ACTION   05-437-DRLH

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs George F. Schillinger and Ruth L. Schillinger (hereinafter referred to as "Plaintiffs"

or "Named Plaintiffs"), and through undersigned attorney, bring this action on behalf of themselves

and all others similarly situated, against Defendants Union Pacific Corporation and Union Pacific

Railroad Company, and for their cause of action alleges and states as follows:

**PARTIES**

1.      Plaintiffs are citizens and residents of the State of Illinois.  Plaintiffs own land in

Madison County, Illinois over which Defendants operate railroads.

2.      On information and belief, Defendant Union Pacific Corporation is incorporated

under the laws of the State of Utah, and its principal place of business is in Omaha, Nebraska.  On

information and belief, Defendant Union Pacific Railroad Company is incorporated in the State of

Delaware and its principal place of business is in Omaha, Nebraska.  On information and belief,

Defendant Union Pacific Railroad Company is a subsidiary of Defendant Union Pacific Corporation.

The Defendants (hereinafter collectively referred to as "UNION PACIFIC") own and operate

railroads in the State of Illinois.

1

## JURISDICTION AND VENUE

3.     This complaint is not based upon federal law and the amount in controversy does not exceed $75,000 for each Named Plaintiff.  Venue as to each Defendant is proper because each Defendant either transacts business, has an agent, or is found within the State of Illinois and the County of Madison, and each is within the jurisdiction of this Court.  All or part of the Defendants' unlawful conduct alleged herein had a direct and substantial effect on landowners in the State of Illinois and the County of Madison.

## CLASS-ACTION ALLEGATIONS

4.     This action is brought by the Named Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, under the provisions of 735 Ill. Comp. Stat. 5/2-801.

5.     The Named Plaintiffs represent a class consisting of all persons or entities who own land in any state that underlies or is adjacent to a railroad right of way whereon UNION PACIFIC or its predecessors have sold, purported to sell, or leased to other entities or persons the right to install, operate, or maintain fiber optic cable or other telecommunications equipment.  Excluded from the class are railroads, Indian tribes, federal, state and local governments, and the trial judge.

6.     The Named Plaintiffs may bring this action as a representative of the Class because:

      (a)     As an owner of land over which UNION PACIFIC either has or formerly had a right-of-way for railroad purposes, and which is currently being used for other than railroad purposes, they are entitled to compensation for the unlawful use and occupation of the land by UNION PACIFIC and its predecessors;

      (b)     They have been victimized by UNION PACIFIC's common course of conduct of wrongfully selling, purporting to sell, or leasing to other entities

2

the right to install, operate or maintain fiber optic cable or other telecommunications equipment along or under land, over which UNION PACIFIC has nothing more than rights-of-way for railroad purposes;

(c)     Their claims are typical of the claims of the other members of the Class; and

(d)     The Named Plaintiffs will fairly and adequately protect the interests of the Class; the Named Plaintiffs has no interests adverse to the interests of the Class; and counsel retained by the Named Plaintiffs are experienced in handling class actions and other complex commercial, consumer, and real estate litigation and will fairly and adequately represent the interests of all members of the Class.

7.     The Class is so numerous that joinder of all individual members in this action is impracticable. The exact number of Named Plaintiffs s is not known. Because UNION PACIFIC operates railroad cars across thousands of miles of rights-of-way land, it is estimated that there are not less than thousands of Named Plaintiffs.

8.     There are questions of fact common to the Class. These common questions include:

(a)     Whether UNION PACIFIC refused and still refuses to acknowledge that it has no ownership or possessory interest in or right to exercise dominion and control over the rights-of-way beyond that which is necessary for the operation of the railroads;

(b)     Whether UNION PACIFIC wrongfully disregarded the legitimate ownership and possessory interests of the Named Plaintiffs and Class Members in the land over which UNION PACIFIC has rights-of-way for railroad purposes only;

3

(c)     Whether UNION PACIFIC sought to, did, and does reap financial gain from demanding and receiving payment for leasing, and/or selling to other entities the right to install, operate or maintain fiber optic cable or other telecommunications equipment along or under land in which it has rights-of-way for railroad purposes only;

(d)     Whether UNION PACIFIC's unlawful use and occupation of the Named Plaintiffs' and other Class Members' land deprived them of the rents, profits, and other benefits arising from UNION PACIFIC's unlawful use and occupation of their land;

(e)     Whether, intentionally and without authorization, UNION PACIFIC entered or caused another entity or person to enter the land possessed by the Named Plaintiffs and Class Members;

(f)     Whether UNION PACIFIC asserted or asserts a claim to a continuing ownership or possessory interest in or a right to exercise dominion and control beyond that which is necessary for the limited purpose of operating a railroads over the land on which UNION PACIFIC operates railroads and has rights-of-way for railroad purposes only; and

(g)     Whether UNION PACIFIC's actions or omissions adversely affecting the legitimate ownership and possessory interests of the Named Plaintiffs and other Class Members in their land caused damage to the Named Plaintiffs and members of the Class.

4



9.    There are questions of law common to the Class; these common questions include:

(a)    Whether UNION PACIFIC has no ownership or possessory interest in or right to exercise dominion and control over the rights-of-way beyond that which is necessary for the operation of railroads;

(b)    Whether UNION PACIFIC's conduct common to the Class constituted trespass;

(c)    Whether UNION PACIFIC's conduct constituted wrongful receipt and retention of money; and

(d)    Whether UNION PACIFIC's conduct common to the Class constituted unjust enrichment.

10.    The prosecution of separate actions by individual members of the Class would create a risk of:

(a)    Inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for UNION PACIFIC; or

(b)    Adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

11.    UNION PACIFIC has acted or refused to act in such a way as to affect the entire Class, thereby making appropriate final declaratory relief with respect to the Class as a whole. UNION PACIFIC has engaged in a pattern of conduct affecting the entire Class by:

    (a)    Wrongfully claiming an ownership or possessory interest in or a right to exercise dominion and control beyond that which is necessary for the limited purpose of operating railroads over the lands on which UNION PACIFIC currently operates railroad cars and has rights-of-way for railroad purposes only;

    (b)    Refusing to acknowledge that it has no ownership or possessory interest in or right to exercise dominion and control over the rights-of-way beyond that which is necessary for the operation of the railroad;

    (c)    Seeking to reap financial gain out of its continued wrongful claim of ownership or possession by demanding payment for, advertising, offering, leasing, and selling land over which it had nothing more than rights-of-way for railroad purposes; and

    (d)    Seeking to and reaping financial gain out of its continued wrongful claim of ownership or possession by demanding payment for, advertising, offering, leasing, and/or selling the right to install, operate or maintain fiber optic cable or other telecommunications equipment along or under land in which it has rights-of-way for railroad purposes only.

    12.    This action is maintainable as a class action. Questions of fact and law common to the members of the Class, such as are described in paragraphs 8 and 9, predominate over questions affecting only individual members, a class action is superior to other available methods for the fair and efficient adjudication of the controversy, and this action would be manageable as a class action. Because the actual damages suffered by each individual Class Member may be relatively small compared to the burden and expense of individual prosecution of this complex and extensive

6



litigation, absent a class action, UNION PACIFIC likely would retain the benefits of its wrongdoing. In addition, individual litigation would increase the delay and expense to all parties and to the court system. By contrast, this class action presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

13. The resolution of the common questions of law and fact will aid in the resolution of individual questions of law and fact and questions of law and fact particular to the class and any other appropriate subclass or subclasses or any independent actions for individual claims or special damages arising from the facts alleged herein upon any decertification of this action that may occur after common class-wide issues are resolved.

## FACTS APPLICABLE TO ALL COUNTS

14. For many years, UNION PACIFIC and its predecessors in interest acquired rights-of-way in several states over which they laid track and operated railroads.

15. The ownership and possessory interests of UNION PACIFIC and its predecessors were limited, at the time of acquisition and today, exclusively to railroad purposes.

16. Because the railroad rights-of-way are limited exclusively to railroad purposes, UNION PACIFIC has never held, and cannot lease, license, convey, or otherwise transfer or create any rights in, under, over, or across railroad right-of-way land for purposes other than railroad purposes. The laying of fiber optic cable and the installation of other communications equipment is not such a purpose.

17. UNION PACIFIC has not obtained valid easements, licenses, or legal occupancy permitting it or its licensees to install, operate, or maintain fiber optic cable through the land of the members of the Class, nor has it obtained any other valid rights in the land of the members of the Class, whether pursuant to the aforesaid agreements with right-of-way users or otherwise.

7

18. Certain telecommunication companies have entered upon the land of the Named Plaintiffs and the other members of the Class and installed, operated and maintained fiber optic cable and other telecommunications equipment through the land, without the consent or permission of the Named Plaintiffs and the other Class Members, without having paid or offered sufficient or any compensation to the Named Plaintiffs and the other Class Members, and without having instituted eminent domain proceedings to obtain any legal rights to the land or to assess such compensation.

19. UNION PACIFIC has sold, leased, or purported to sell or lease to other entities the right to install, operate or maintain fiber optic cable or other telecommunications equipment under the right-of-way land even though UNION PACIFIC has no legal right to do so.

20. On information and belief, UNION PACIFIC has received, and may continue to receive, substantial sums of money as consideration for the purported sale or lease of the right to install, operate or maintain fiber optic cable or other telecommunications equipment along the right-of-way land. UNION PACIFIC's receipt of said payments is wrongful and unlawful in that UNION PACIFIC has no right to transfer such rights.

## COUNT ONE
### Trespass

21. The Named Plaintiffs incorporate by reference paragraphs 1 through 20 of this Complaint.

22. UNION PACIFIC intentionally and without authorization or privilege entered or caused a thing or a third person to enter the land owned by the Named Plaintiffs and Class Members, and thereby committed trespass.

23. As a direct and proximate result of this trespass, the Named Plaintiff and Class Members suffered injury and damages, specifically:

8



(a)  They have incurred legal expenses in contesting the wrongful invasion of their possessory interests in the right-of-way land;

(b)  They have suffered inchoate injury to the value of their land because of the trespass and UNION PACIFIC's claim to purported interests in the land;

(c)  They have incurred the cost of obtaining a judgment declaring that title, ownership and possession of the land, or that portion of the land not necessary for the operation of a railroad, lawfully lie with the Named Plaintiffs and Class Members rather than with UNION PACIFIC or other persons or entities; and

(d)  They have suffered the loss of rents, profits and other benefits that lawfully lie with the Named Plaintiffs and Class Members rather than with UNION PACIFIC or other persons or entities.

24.    As a direct and proximate result of the trespass by UNION PACIFIC and by others whom it caused to enter the land without authorization or privilege, benefits have accrued to UNION PACIFIC, the value of which is at least the amount of any revenue or other consideration UNION PACIFIC has received from sales, licenses, leases, or other conveyances of its purported interests in the right-of-way land.

## COUNT TWO
### Money Had And Received

25.    The Named Plaintiffs incorporate by reference paragraphs 1 through 24 of this Complaint.

26.    As a direct and proximate result of UNION PACIFIC's receipt and retention of money or its equivalent from telecommunications companies under purported sales or license

agreements, for the right to install, operate or maintain fiber optic cable or other telecommunications equipment along the Named Plaintiffs' and Class Members' land, the Named Plaintiffs and Class Members have been deprived of rents, profits, and other benefits arising from UNION PACIFIC's wrongful retention of the money or its equivalent.

27.     As a further direct and proximate result of UNION PACIFIC's wrongful receipt and retention of money from telecommunications companies, UNION PACIFIC continues to hold money which, in equity and good conscience, belongs to the Named Plaintiffs and Class Members, as fee owners of the land where the telecommunications companies have illegally laid fiber optic cable and other telecommunications equipment.

28.     As the rightful owner of the rents, profits and other benefits for the use of their land, the Named Plaintiffs and Class Members are entitled to damages in an amount equal to the sums wrongfully received by UNION PACIFIC under the purported sales and lease agreements with the telecommunications companies.

### COUNT THREE
### Unjust Enrichment

29.     The Named Plaintiffs incorporate by reference paragraphs 1 through 28 of this Complaint.

30.     As a direct and proximate result of UNION PACIFIC's unlawful use and occupation of their land, the Named Plaintiffs and Class Members have been deprived of the rents, profits, and other benefits arising from UNION PACIFIC's commercial use and occupation of their land, including, but not limited to, UNION PACIFIC's sale and/or lease of their land to other entities when UNION PACIFIC knew or should have known that said lands belonged to the Named Plaintiffs and

Class Members. UNION PACIFIC has been unjustly enriched by its wrongful receipt and retention thereof.

31.     As a further direct and proximate result of UNION PACIFIC's unlawful use and occupation of their land, the Named Plaintiffs and Class Members conferred a benefit upon UNION PACIFIC, UNION PACIFIC knew of the benefit, and UNION PACIFIC would be unjustly enriched by retaining the benefit without compensating the Named Plaintiffs and Class Members.

32.     The Named Plaintiffs and Class Members are entitled to damages in an amount equal to the benefit that accrued to UNION PACIFIC when it was unjustly enriched by its unlawful use and occupancy of the Named Plaintiffs' and Class Members' land.

## COUNT FOUR
### Declaratory Judgment

33.     The Named Plaintiffs incorporate by reference paragraphs 1 through 32 of this Complaint.

34.     A genuine and justiciable dispute exists between UNION PACIFIC and the Named Plaintiffs and other Class Members, and the Named Plaintiffs request that the Court declare that the Named Plaintiffs and Class Members rightfully own and possess these rights-of-way free of any claim or interest by UNION PACIFIC or its purported grantees, that authorizes the use of said land for telecommunications purposes.

35.     The Named Plaintiffs and Class Members are entitled to receive a full and complete accounting from the Defendants, disclosing and accounting to them for all monies and/or revenues that have been, or will be generated from the Defendants' unlawful misuse of their properties and property rights.

11

## DAMAGES

36.     The Named Plaintiffs and the other Class Members have suffered actual damages resulting from UNION PACIFIC's conduct, such amounts to be proven at trial, and being within the jurisdictional limits of this Court.

## PUNITIVE DAMAGES

37.     The wrongs done by UNION PACIFIC were aggravated by the kind of malice, intentional wrongdoing, or reckless disregard for the rights of the Class Members for which the law allows the imposition of punitive damages.  UNION PACIFIC's conduct, when viewed objectively from UNION PACIFIC's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and UNION PACIFIC was actually and subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  The Named Plaintiffs and the other Class Members, therefore, seek punitive damages in an amount within the jurisdictional limits of the Court.

## PRAYER

WHEREFORE, the Named Plaintiffs and the other Class Members pray that this action be certified as a class action and for relief and judgment against UNION PACIFIC and that the Court enter an order:

A.     Awarding to the Named Plaintiffs and Class Members an amount of damages to compensate them, with respect to all causes of action herein, together with punitive damages, and equitable relief as shall be determined at trial;

B.     Directing that UNION PACIFIC render a just and full accounting of all sums received by UNION PACIFIC as a result of its unlawful occupation and use of the land of the Named

Plaintiffs and the other Class Members, including, but not limited to, sums received from leasing the right to lay fiber optic cable and other telecommunications equipment on this land to telecommunications companies;

C.     Determining that the doctrines of unjust enrichment and money had and received require UNION PACIFIC to pay to the Named Plaintiffs and the Class Members all sums received by UNION PACIFIC through its unlawful occupation and use of the land;

D.     Awarding the Named Plaintiffs and Class Members general, actual damages to be determined at trial, resulting from UNION PACIFIC's trespass;

E.     Entering a declaratory judgment (a) that the Named Plaintiffs and Class Members rightfully own and possess the right-of-way land, and UNION PACIFIC's interest in the right-of-way land does not entitle UNION PACIFIC to use the land beyond that use which is necessary for railroad operations; (b) that UNION PACIFIC's interest in certain land owned by Class Members terminates upon abandonment of the railroad rights-of-way and/or discontinuation of railroad operations on these rights-of-way; and (c) granting the Named Plaintiffs and Class Members their costs and reasonable attorney's fees incurred in obtaining the declaration of law;

F.     Awarding pre-judgment and post-judgment interest;

G.     Awarding Class Members their attorneys' fees; and

H.     Awarding any such further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

GOLDENBERG, MILLER, HELLER & ANTOGNOLI, P.C.

By: _____

Mark C. Goldenberg, #00990221
Elizabeth V. Heller, #6207038
2227 South State Route 157
Post Office Box 959
Edwardsville, IL 62025
Telephone: (618) 656-5150
Facsimile: (618) 656-6230

– AND –

John B. Massopust
Daniel J. Millea
ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP
33 South Sixth Street
Suite 4400, City Center
Minneapolis, MN 55402
Telephone: (612) 339-2020
Facsimile: (612) 336-9100

**OF COUNSEL:**

Nels Ackerson Esq.
**SOMMER BARNARD ACKERSON, PC**
1666 K Street NW, Suite 1010
Washington, DC 20006-1217
Telephone: (202) 833-8833
Facsimile: (202) 833-8831

Henry J. Price
**PRICE, JACKSON, WAICUKAUSKI & MELLOWITZ, P.C.**
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Telephone: (317) 633-8787
Facsimile: (317) 633-8797

3

Roger C. Johnson
**KOONZ, MCKENNEY, JOHNSON, DEPAOLIS & LIGHTFOOT**
2020 K Street N.W., Suite 500
Washington, DC 20006
Telephone: (202) 659-5500
Facsimile: (202) 785-3719

Catherine M. Colinvaux
**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**
950 Winter Street, Suite 1300
Waltham, MA 02451
Telephone: (781) 466-0700
Facsimile: (781) 466-0701

**ATTORNEYS FOR NAMED PLAINTIFFS,
FOR THEMSELVES AND
ALL OTHERS SIMILARLY SITUATED**

4

268439v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was placed in the United

States Mail, First Class, postage prepaid from the law firm of Goldenberg, Miller, Heller &

Antognoli, P.C. on the 27th day of May, 2003, addressed to:

Harlan A. Harla
THOMPON, COBURN, L.L.P.
525 West. Main Street
Belleville, IL 62220
Telephone: 618.277.2700
Facsimile: 618.236.3434

Ron Bodinson
Gregory T. Wolf
Shook, Hardy & Bacon, L.L.P.
84 Corporate Woods
10801 Mastin, Suite 1000
Overland Park, KS 66210
Telephone: 913.451.6060
Facsimile: 913/451-8879

Joseph Rebein
Shook, Hardy & Bacon, L.L.P.
One Kansas City Place 1200 Main Street
Kansas City, MO 64105
Telephone: 816.474.6550
Facsimile: 816.421.5547