IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE F. SCHILLINGER, and RUTH SCHILLINGER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| UNION PACIFIC CORPORATION, and UNION PACIFIC RAILROAD CO., | ) ) ) |
| Defendants. | ) |

Case No. 05-cv-0437-MJR

# MEMORANDUM and ORDER

**REAGAN, District Judge:**

George and Ruth Schillinger[1] filed a class action complaint in Illinois state court in June 2002. Two Defendants were named: (1) Union Pacific Corporation ("UPC"), and (2) Union Pacific Railroad Company "(Union Pacific"). In that suit, the Schillingers (Illinois citizens) sought to represent a class of persons who owned land in Illinois that underlay or was adjacent to railroad rights of way which Defendants sold or leased to businesses operating fiber optic cable lines and other telecommunications equipment.

The Schillingers' complaint contained claims for trespass, money had and received, unjust enrichment, and declaratory judgment. They claimed that Defendants improperly conveyed rights in the land for uses other than railroad purposes and profited thereby.

In August 2002, *both* Defendants removed the action to this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332**.

---

[1] George and Ruth Schillinger appear to have been the named plaintiffs in multiple class action suits removed to this Court, including Case Nos. 99-cv-0497-GPM, 00-cv-0155-GPM, 00-cv-0299-GPM, 01-cv-0308-DRH, 02-cv-0435-DRH, 02-cv-0937-MJR, and 03-cv-0146-GPM.

The case was assigned randomly to the undersigned District Judge, who conducted a hearing on jurisdictional issues. Counsel for *both* Defendants participated in the jurisdictional hearing. At the close of the September 5, 2002 hearing, the undersigned Judge took under advisement the question of whether subject matter jurisdiction existed for the case.

On September 10, 2002, this Court answered that question in the negative. Remanding the case to the Circuit Court of Madison County, Illinois in a detailed written Order, this Court concluded that diversity jurisdiction did not lie, because the amount in controversy (as to either of the named Plaintiffs) did not exceed $75,000.

Both Defendants also had argued that federal question jurisdiction existed, because putative class members' property rights could only be determined with reference to federal right-of-way or land grants.

The undersigned Judge rejected that argument, finding (Case No. 02-cv-0937-MJR, Doc. 24, pp. 10-11):

> federal question jurisdiction does not lie merely because a federal land grant is implicated in the controversy between the parties....
> The critical question raised by Plaintiffs' lawsuit is not the validity of the original land grant to Union Pacific's predecessors-in-interest. In fact, the record before this Court does not establish that the property of the named Plaintiffs, the Schillingers, is even burdened by a federally-created railroad right of way.
> The case before this Court does not "arise under" federal law. It is not apparent from the face of the Schillingers' complaint that any of their causes of action was created by federal law. Federal law is not an essential component of any of the Schillingers' claims. Nor can the Court conclude that this suit "really and substantially involves a dispute or controversy" regarding a right which depends on the construction of federal law.

So, this Court carefully examined – and rejected – Defendants' assertion that the lawsuit "arose under" federal law, supporting federal question jurisdiction via **28 U.S.C. § 1331**.

For this reason, the undersigned Judge remanded the case.

A month later, back in Illinois state court, the parties jointly stipulated to the dismissal of Defendant UPC without prejudice. *See* Attachment 3 to Doc. 4 which contains, *inter alia*, the parties' joint stipulation for dismissal and the state court Order dismissing UPC without prejudice.    On May 20, 2005, Plaintiffs obtained leave to file an amended complaint in Madison County Circuit Court. Like the original complaint, the amended complaint was directed against *both* UPC and Union Pacific. Citing that amendment, Defendants jointly removed (or re-removed) the case here on June 17, 2005.

The case comes now before the undersigned Judge for threshold jurisdictional review. Defendants assert two separate bases for subject matter jurisdiction: (1) the Class Action Fairness Act, which expanded federal diversity jurisdiction under **28 U.S.C. § 1332**, and (2) federal question jurisdiction under **28 U.S.C. § 1331**.

As to the latter jurisdictional basis, Defendants contend that this case "involves a substantial federal issue – Did Union Pacific have the power under the 25 Acts of Congress and land grants to convey easements on their right of way for telecommunication purposes to third parties, without the consent of the landowner adjoining these right of ways?" (Doc. 4, p. 14).

This Court squarely rejected that argument for federal question jurisdiction as to the original complaint. Like the original complaint, the *amended* complaint is a putative class action, is directed against the same two Defendants named in the original complaint (UPC and Union Pacific), and contains the same claims/counts (trespass, money had and received, unjust enrichment, and declaratory judgment). The primary difference between the original complaint and the amended complaint appears to be an expanded class definition.

In the original complaint, the class was defined to include Illinois property owners only. The amended complaint seeks to certify a nationwide class of property owners. This Court is not persuaded that the change from a statewide class to a nationwide class alters the reasoning or result in the portion of the remand Order which addressed whether Plaintiffs' claims presented a substantial question of federal law.

Without question, many more properties and landowners fall within the ambit of the class definition under the amended complaint. But that does not magically inject a question of *federal law* which supports the exercise of jurisdiction under **28 U.S.C. § 1331**.

According to Defendants, a recent opinion of the United States Supreme Court mandates a finding that federal question jurisdiction lies here, in effect permitting Defendants to reopen an issue already decided by this Court in the September 2002 remand Order. Assuming, *arguendo*, that it is proper to even re-examine this issue in the procedural context of the case at bar, the Court disagrees with Defendants' interpretation of the recent opinion and how it applies to the instant case.

In ***Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, – U.S. –, 125 S. Ct. 2363, 2005 WL 1383604 (2005)**, the high Court affirmed a federal district court's finding that removal was proper and federal question jurisdiction lay in a quiet-title action which had been brought to satisfy a federal tax delinquency. The Supreme Court reiterated that federal question jurisdiction usually is invoked by plaintiffs pleading a cause of action *created* by federal law but also may lie where a state-law claim implicates significant federal issues. ***Id.***

Referring to the latter variety of federal "arising under" jurisdiction, the Court explained:

> The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues....

*Id.*

However, the Supreme Court emphasized the "constant refrain" running through federal question jurisdiction jurisprudence that more is needed than just a federal question:

> **federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum**. E.g., Chicago v. International College of Surgeons, 522 U.S. 156, 164, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997); Merrell Dow, supra, at 814, and n. 12, 106 S.Ct. 3229; Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

*Id.*, emphasis added.

The Supreme Court identified a <u>substantial</u> federal question and a <u>serious</u> federal interest at stake in *Grable* – *i.e.*, the plaintiff's case for superior title to the real estate at issue turned directly on a provision of *federal* tax law (*id.*):

> Grable has premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law. **Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case. The meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court. The Government has a strong interest in the "prompt and certain collection of delinquent taxes"**.... The Government thus has a direct interest in the availability of a federal forum....

> The *Grable* Court, however, recognized that "it will be the rare state title case that

raises a contested matter of federal law." ***Id.***

In fact, the Court in ***Grable*** cited the very case relied on by the undersigned Judge in the September 2002 remand Order for the proposition that federal question jurisdiction does not lie merely because a federal land grant is *implicated* in the dispute between the parties, and more is needed for jurisdiction – ***Shulthis v. McDougal*, 225 U.S. 561, 569-70 (1912).** The ***Grable*** Court clarified (**2005 WL 1383604, n. 3**):

> The quiet title cases also show the limiting effect of the requirement that the federal issue in a state-law claim must actually be in dispute to justify federal-question jurisdiction. In *Shulthis v. McDougal*, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1912), this Court found that there was no federal question jurisdiction to hear a plaintiff's quiet title claim in part because the federal statutes on which title depended were not subject to "any controversy respecting their validity, construction, or effect." *Id*., at 570, 32 S.Ct. 704. As the Court put it, the requirement of an actual dispute about federal law was "especially" important in "suit[s] involving rights to land acquired under a law of the United States," because otherwise "every suit to establish title to land in the central and western states would so arise [under federal law], as all titles in those States are traceable back to those laws." *Id*., at 569-570.

Defendants have not demonstrated that the holding of ***Grable*** or any change made in the amended state court complaint rendered this case freshly removable on the basis of federal question jurisdiction.

Alternatively, Defendants' removal rests on provisions of the Class Action Fairness Act of 2005, **Pub. L. 109-2, Feb. 18, 2005, 119 Stat. 14** ("CAFA"), which expanded the reach of *diversity* jurisdiction for certain class actions. Simply put, CAFA amended the federal diversity statute, **28 U.S.C. § 1332.**

Section 1332(d)(2)(A) now confers original subject matter jurisdiction on federal district courts over any class action in which the amount in controversy exceeds the sum or value

of $5,000,000, exclusive of interest and costs, and at least one member of the plaintiff class is a citizen of a state different from any defendant. CAFA permits aggregation of claims to reach the $5,000,000 amount-in-controversy requirement. **See 28 U.S.C. § 1332(d)(6)**.

These provisions only apply, though, to actions "commenced on or after the date of enactment" of CAFA – February 18, 2005. Obviously, this case started in state court long before February 18, 2005. But Defendants offer two poles of argument to buttress the argument that the May 2005 amended complaint actually "commenced" this action.

First, Defendants claim (Doc. 4, pp. 4-5): "Plaintiffs' post-CAFA amendment voluntarily – and dramatically – increased the claims and causes of action against Union Pacific and UPC," claims arising from different and additional properties, now that the class definition switched from property owners statewide to property owners nationwide.

Earlier this month, however, the United States Court of Appeals for the Seventh Circuit scotched this contention, squarely holding that substantial changes to a class definition in an amended complaint did *not* constitute "commencement" of an action after February 18, 2005 so as to justify removal of the action to federal court under CAFA.

In ***Knudsen v. Liberty Mutual Ins. Co.*, – F.3d –, 2005 WL 1389059, *1 (7th Cir. June 7, 2005)(emphasis added)**, the Seventh Circuit, adopting the reasoning of a Tenth Circuit opinion (*Pritchett v. Office Depot, Inc.*), stressed that § 9 of CAFA (which provides that CAFA applies only to actions commenced after February 18, 2005) means what it says:

> § 9 of the new Act must be taken seriously. Deconstructionist tactics do not permit its evasion. The defendant in *Pritchett* contended that the notice of removal itself commenced a new case (the one in federal court). Rebuffing that effort to sidestep the legislative decision, *Pritchett* concluded that a civil action is "commenced" for purposes of § 9 when it is filed in state court and not when some later step

occurs in its prosecution. Equating filing with commencement is the norm in civil practice. See Fed. R. Civ. P. 3. Although there are a few exceptions, .... none applies here. This suit against Liberty Mutual has been ongoing for years.

Similarly, the case *sub judice* has been going on for years – in state court, then in this federal court, then back in state court before re-removal here. Clearly, the modification in the class definition did not freshly "commence" the action so as to permit removal under CAFA.

Which leaves Defendants' final argument – that the May 2005 amended state court complaint should be treated as commencing a new action, and thus warranting removal under CAFA, because Defendant UPC was dismissed by the Schillingers in October 2002 and only added to the lawsuit via the recent amended complaint. In presenting this argument, Defendants stress that although Defendant UPC was named in the original complaint, it was never served with process (*see* Doc. 4, p. 2, p. 8).

It is true that an "individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." ***Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). See also Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 530 (7th Cir. 2004)(recognizing that one "is required to take action" as a party, only upon service of a summons").** Here, although plainly NOT obliged to do so, UPC *chose* to engage in this litigation before it was formally served.

UPC insists that it only answered the original complaint *after* the case was removed to this federal forum. That overlooks the critical fact that **it was UPC who removed** the case here.

UPC not only removed the case here, it – jointly with Union Pacific – filed a corporate disclosure statement, four motions for admission of counsel pro hac vice, an answer to the original complaint, an amended removal notice, an amended answer to the original complaint, a

motion to consolidate, and a motion to transfer. *See* Case No. 02-cv-0937-MJR, Docs. 1, 6, 7, 9, 11, 13, 15, 16, 18, 19, 20. Counsel for UPC appeared at the September 5, 2002 hearing and argued that subject matter jurisdiction properly lay in this Court. *See* Case No. 02-cv-0937-MJR, Doc. 23.

UPC's current argument that it was not a party to this action before the May 2005 amended complaint rings somewhat hollow, given the fact that UPC removed the original complaint/case to this Court, filed ten pleadings here, and appeared at the September 2002 hearing urging the Court to exercise jurisdiction over this matter.

No argument can be made that UPC lacked notice of the earlier proceeding, as UPC caused the removal to this Court and then participated wholeheartedly in the action here.

Moreover, difficulty is encountered in attempting to square UPC's position that, although clearly named in the original complaint, it never was a party until May 2005, with decisions in this Circuit holding: "in the federal judicial system a party becomes a defendant not when he is served but when the complaint naming him is filed. That is when the suit against the defendant is commenced." **Howell by Goerdt v. Tribune Entertainment Co., 106 F.3d 215, 217 (7th Cir. 1997), citing FED. R. CIV. PROC. 3.**

On threshold review of the case, this Court has rejected Defendants' arguments that subject matter jurisdiction lies under the federal question statute, **28 U.S.C. § 1331**. The Court also has rejected one of Defendants' two arguments for diversity jurisdiction under **28 U.S.C. § 1332**, as amended by CAFA (*i.e.*, the argument that the broader class definition in the amended state court complaint constituted the commencement of a new action rendering the case removable). The only possible basis for subject matter jurisdiction – and the only argument which remains for briefing by the parties – is whether adding UPC back into the lawsuit via the May 2005 amended state court

complaint constitutes the commencement of a new action under CAFA such that the case became properly removable.

Defendants already have briefed this issue extensively in their removal notice. The Court **DIRECTS** the Schillingers to file a Jurisdictional Memorandum addressing this issue (no longer than 10 pages) on or before **July 15, 2005.**

The Court **DIRECTS** Defendants to file a Jurisdictional Memorandum in the nature of a reply brief addressing this issue alone (no longer than 5 pages) **on or before July 22, 2005**.

Once the Court has received and reviewed the parties' jurisdictional memoranda, it will determine whether subject matter jurisdiction properly lies, and – if so – "track" the case.

**IT IS SO ORDERED.**

**DATED this 29th day of June, 2005.**


                        **s/ Michael J. Reagan**
                        **MICHAEL J. REAGAN**
                        **United States District Judge**